In re: **ALBERTSON'S INC., EMPLOYMENT PRACTICE LITIGATION,**

**Webster, Mrak & Blumberg; United Food and Commercial Workers Union International; United Food and Commercial Workers Union, Local 99, Plaintiffs—Appellees,**

v.

**Albertson's Inc., Defendant—Appellant.**

**Lori Barton; Webster, Mrak & Blumberg; David Thompson; Bill Logan, Plaintiffs—Appellants,**

v.

**Albertson's Inc., Defendant—Appellee.**

Lori Barton; Webster, Mrak & Blumberg; David Thompson; Bill Logan, Plaintiffs—Appellees,

v.

Albertson's Inc., Defendant—Appellant.

Lori Barton; Webster, Mrak & Blumberg; David Thompson; Bill Logan, Plaintiffs—Appellants,

v.

Albertson's Inc., Defendant—Appellee.

Nos. 01–35095, 01–35902, 01–35973 and 02–35189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided May 6, 2003.

Before: BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Ten different lawsuits in several different states were brought against Albertson's by various current and former employees. The lawsuits occurred between 1996 and 1998, and were consolidated in the District of Idaho as the instant class action, *In re Albertson's, Inc., Employment Practices Litigation,* MDL Docket NO. 1215. In September 2000, the district court approved the Settlement Agreement, which resolved the litigation. The Agreement is governed by Idaho law.

The parties appeal different aspects of the district court's rulings regarding the Settlement Agreement. Specifically, in 01–35095, Albertson's appeals from the district court's 12/21/00 order denying Albertson's motion to enjoin the union appellees from allegedly soliciting claims in violation of the Agreement; in 01–35902, the Webster Law Firm appeals the district court's 9/11/01 order finding that Webster violated portions of the settlement agree-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment prohibiting class counsel from soliciting claims in the settlement claims procedure, and awarding attorney fees and costs to Albertson's; in 01–35973, Albertson's cross-appeals the district court's 9/11/01 order denying Albertson's request for further discovery, and specific injunctive and monetary relief; in 02–35189, Webster appeals the district court's 1/9/02 order denying its motion for a stay pending appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a) and we AFFIRM the district court on all issues raised in each appeal.

## I.  Albertson's Appeal—No. 01–35095

All issues raised in this appeal are AFFIRMED for the reasons given by the district court.

## II.  Webster Firm's Appeal—No. 01–35902

### A.  No–Solicitation Provision

Webster Firm argues that the district court erred in finding that the no-solicitation provision of the Agreement prohibited communications about separate lawsuits. This argument fails.

Where a settlement agreement is incorporated into a court order, as with a consent decree, the court reviews de novo the district court's interpretation of the decree, *Gates v. Gomez,* 60 F.3d 525, 530 (9th Cir.1995), and defers to the district court's factual findings underlying that interpretation unless those findings are clearly erroneous. *United States v. Gila River Indian Community,* 31 F.3d 1428, 1432 (9th Cir.1994). This court must give deference to the district court's interpretation of a consent decree or settlement agreement, based on the district court's extensive oversight of the decree from the commencement of the litigation through the appellate process. *Gates,* at 530.

The preamble of the Stipulation of Settlement states in relevant part: "[t]his Stipulation of Settlement resolves all claims asserted or that could have been asserted against Albertson's, Inc. in the consolidated litigation (as defined below in paragraph 2.7), except as expressly provided below in paragraph 9.5." The plain language of paragraph 13.3.1 is clear. In relevant part it reads: "[s]olicitations by any labor organization(s) are not governed by this Agreement unless they are done on behalf of, or in cooperation or together with, plaintiffs' counsel or their agents."

Accordingly, the Settlement Agreement is all-encompassing for existing claims or any claims that may be filed. The new lawsuits contemplated in the solicitation with regard to excluded class members who are ineligible to participate are covered by the Agreement and under 13.3. Accordingly, counsel is precluded from soliciting those claims, and the district court did not err in so finding.

### B.  First Amendment Rights

Webster Firm contends that the district court's order limiting it from solicitation, violates the First Amendment rights of potential claimants, the unions, and class counsel, to free speech, assembly, and the right to petition for the redress of grievances. Webster Firm failed to preserve this argument for appeal, thus, it is waived.

### C.  Webster Firm's Ethical Obligations

Webster Firm further argues that the district court's ruling restricts its ability to communicate effectively with class members generally about the right to bring separate litigation, including thousands of individuals who previously communicated with the Webster Firm, many of whom may have claims that were excluded from

or are ineligible for representation under the Agreement.

The scope of injunctive relief is reviewed for an abuse of discretion or application of erroneous legal principles. *Sharp v. Weston*, 233 F.3d 1166, 1173 (9th Cir.2000).

Because the injunction does not limit counsel's right to inform potential clients about the Agreement or to answer questions regarding the Agreement, it does not hinder ethical obligations. Thus, the district court did not err in ordering the injunction.

### D. Injunctive Relief And Attorney's Fees

Webster Firm contends that the district court erred in awarding Albertson's injunctive relief and attorney's fees and costs based on the Webster Firm's solicitation in violation of the Settlement Agreement.

Pursuant to paragraph 13.3.4, there is a requirement that solicitation must be shown in order to seek monetary and injunctive sanctions. Therefore, because such relief was provided for by the Agreement, the district court did not err.

### E. Stay Pending Appeal

Appellant argues that the district court erred in denying its application for a stay pending appeal. this issue is moot, and thus will not be addressed.

### III. Albertson's Cross Appeal—No. 01–35973

### A. Albertson's Discovery

Albertson's argues that the district court abused its discretion by denying its motion for further discovery. The district court reviewed the solicitation allegations and enjoined Webster Firm from specific solicitations on its website and in its letters, forms and questionnaires. Because the discretion afforded a district court in controlling discovery is broad, requiring "wide latitude," *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998), the district court did not abuse its discretion when it denied further discovery.

### B. Webster Firm's Solicitations

Albertson's contends that the district court abused its discretion by failing to enjoin all of the Webster Firm's communication regarding the claims filing process. The district court enjoined Webster Firm from making any statements that claimants "should" file claims, have "the right" to file a separate action or opt-out, could have the Webster Firm represent them in those actions, or could have the unions pay for all litigation expenses. Accordingly, the district court did not err by failing to enjoin all communications.

### C. Attorney's Fees And Costs

The district court did not abuse its discretion in limiting the non-injunctive relief awarded to Albertson's to attorney's fees and costs incurred in pursuing the motion to enforce the Settlement Agreement. The determination of appropriate relief is within the district court's discretion.

AFFIRMED. All parties shall bear their own costs.